UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DIRECTV, INC., A CALIFORNIA CORPORATION,  
    PLAINTIFF

v.

MARK PARISI  
    DEFENDANT

Case No. 04-30017-MAP  
DEFENDANT'S ANSWER  
TO COMPLAINT

NOW COMES the defendant, Mark Parisi, of 9 Carriage Way, Methuen, Massachusetts 01844, and denies each and every allegation as set forth in Directv, Inc.'s Complaint against said defendant. In support of said denial, the defendant states as follows:

1. The defendant does not have knowledge of plaintiff's, Directv, Inc.'s, programming, operations, technology, security system, or other company information as set forth in Paragraphs 1 through 15.

2. The defendant has no knowledge regarding the information contained in Paragraphs 16 through 17 of the plaintiff's Complaint and specifically denies any allegations contained therein.

3. The defendant specifically denies that he ever purchased any devices that are designed to permit viewing of Directv, Inc.'s television programming without authorization, as contained in Paragraph 18.

4. The defendant specifically denies the allegations contained in Paragraphs 19, 19a., 20, 21, 22, and 23. Furthermore, the defendant states that he never purchased, received, or used any of the items described in plaintiff's Complaint, specifically a EQ X-11.

## COUNT I

5. The defendant specifically denies Paragraphs 27 through 30 as contained in the plaintiff's Complaint.

6. The defendant specifically states that he has never has, nor now, use an EQ X-11 to receive Directv, Inc.'s satellite transmission as contained in the plaintiff's Complaint.

## COUNT II

7. The defendant specifically denies Paragraphs 31 through 35.

8. The defendant further states that at no time did he use an EQ X-11 to "pirate" or otherwise intercept Directv programming or pay per view subscription programming.

## COUNT III

9. The defendant specifically denies the allegations contained in Paragraphs 36 through 42.

10. The defendant specifically denies distributing any "pirate" access devices as alleged in plaintiff's Complaint and furthermore states that he does not possess the equipment, ability, or knowledge to conduct or complete said activities.

## COUNT IV

11. The defendant specifically denies Paragraphs 43 through 48 of plaintiff's Complaint.

12. The defendant specifically states that he never assembled, manufactured, or modified existing equipment to assist in the unauthorized interception or reception of the plaintiff's satellite television programming.

13. The defendant does not possess the required skills, equipment, or knowledge to assemble, manufacture, and/or otherwise modify existing equipment so that said equipment would be used in the interception of plaintiff's satellite transmission.

14. Furthermore, the defendant states that the plaintiff's Complaint fails to state an action for which a civil complaint may be brought against a private individual and respectfully requests that the plaintiff's Complaint, Counts I through IV, be dismissed for failure to state the proper claim of action.

## PRAYER FOR RELIEF

WHEREFORE, the defendant, Mark Parisi, requests that this Court grant the following relief:

(1) Dismiss the plaintiff's Complaint for failure to state a claim upon which a complaint may be brought;

(2) Order reasonable attorney's fees and costs; and

(3) For such additional relief as the Court deems just and equitable.

Respectfully submitted,

Date: March 25, 2004

_____
Mark Parisi, Defendant, Pro Se
9 Carriage Way
Methuen, MA 01844

## CERTIFICATE OF SERVICE

I, Mark Parisi, the defendant, pro se, hereby certify that on this 25th day of March, 2004 a true copy of the foregoing Defendant's Answer to Complaint was mailed first class postage prepaid to counsel for the plaintiff, John M. McLaughlin, Esq., at McLaughlin Sacks, LLC, 31 Trumbull Road, Northampton, Massachusetts 01060.

_____
Mark Parisi, Defendant, Pro Se